## APPEAL OF J. T. LIGGETT.

Docket No. 3489.   Decided October 21, 1926.

A transfer of oil-producing property by a father to his son upon the agreement of the son to divide the proceeds among the father, his wife and his children, *held* not to constitute the son an agent of the father so that the entire proceeds of the sale are taxable to the father, but to be a conveyance to the son of all interest of the father, except to the extent to which the father retained an interest in the proceeds.

*H. L. Washington, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the Commissioner.

The petitioner appeals from the Commissioner's determination of a deficiency of $9,096.24 individual income tax for 1919, alleging that the Commissioner erroneously included as income to the petitioner nine-tenths of the proceeds from the sale of certain oil, gas and mineral rights which he did not in fact receive.

### FINDINGS OF FACT.

The petitioner formerly owned 320 acres near Peabody, Kans. By instrument dated August 7, 1918, and recorded June 11, 1919, he transferred to his son, E. W. Liggett, an undivided one-half interest in the oil and gas under the W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 7, T. 23 S., R. 4 E., Butler County, Kans., containing 80 acres more or less, including the rights under an oil and gas lease theretofore made to

one Dedrich. At the time of the conveyance there was an oral agreement that E. W. Liggett would divide the proceeds among the petitioner and his wife and eight children.

On June 10, 1919, E. W. Liggett transferred the same interest to the Guarantee Title & Trust Co., trustee for a syndicate, under an agreement that the property so conveyed should be disposed of by the syndicate, together with other property, and that E. W. Liggett should receive 40 per cent of the net proceeds realized by the syndicate. At some subsequent time, not disclosed by the record, E. W. Liggett received $37,000 from the syndicate, which he distributed in accordance with the oral agreement.

In computing the deficiency the Commissioner included as income to the petitioner $32,254.80, as a gain from such transaction.

OPINION.

PHILLIPS: It is the contention of the Commissioner that the transfer by the petitioner to his son of the oil and gas rights in the 80-acre tract with which we are here concerned was made only for the purpose of enabling the son to dispose of this property as agent of the father. He further contends that, while an express trust in real property, not in writing, is void under the Kansas statutes and decisions, a constructive or implied trust arising out of transactions between principal and agent, or others acting in a fiduciary relation, is recognized and will be enforced; wherefore, he contends that the proceeds of the sale were received by the son as agent of the father, that the agency will be recognized by the law, as a constructive trust if necessary for enforcement, and that the father is to account for the sale as his own. We need not comment upon these contentions other than to say that the evidence does not establish any such agency, but rather a conveyance by the father of all his interest, except as he may have retained an interest in one-tenth of the proceeds.

Petitioner alleges error only as to nine-tenths of the gain determined by the Commissioner. As to the remaining one-tenth which was paid him by his son in accordance with the oral agreement, no error is alleged. The deficiency, if any, should be recomputed after reducing the net income determined by the Commissioner by nine-tenths of $32,254.80.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*