*170 OPINION.
Phillips :
It is the contention of the Commissioner that the transfer by the petitioner to his son of the oil and gas rights in the 80-acre tract with which we are here concerned was made only for the purpose of enabling the son to dispose of this property as agent of the father. He further contends that, while an express trust in real property, not in writing, is void under the Kansas statutes and decisions, a constructive or implied trust arising out of transactions between principal and agent, or others acting in a fiduciary relation, is recognized and will be enforced; wherefore, he contends that the proceeds of the sale were received by the son as agent of the father, (hat the agency will bo recognized by the law, as a constructive trust if necessary for enforcement, and that the father is to account for the sale as his own. We need not comment upon these contentions other than to say that the evidence does not establish any such agency, but rather a conveyance by the father of all his interest, except as he may have retained an interest in one-tenth of the proceeds.
Petitioner alleges error only as to nine-tenths of the gain determined by the Commissioner. As to the remaining one-tenth which was paid him by his son in accordance with the oral agreement, no error is alleged. The deficiency, if any, should be recomputed after reducing the net income determined by the Commissioner by nine-tenths of $32,254.80.
Order of redetermination will he entered on 15 days’ notice, under Rule 50.